IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST Kenneth N. JOHNSON, Attorney at
Law.

Supreme Court

*No. 91-0221-D. Filed November 27, 1991.*

(Also reported in 477 N.W.2d 54.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

We review the recommendation of the referee that Kenneth N. Johnson, former district attorney for Dodge county, be publicly reprimanded for his failure to withdraw from prosecuting a worthless check case when the exercise of his professional judgment on behalf of the state was affected by his own personal interest in preventing an investigation into the conduct of his office in the matter. We determine that the recommended public reprimand is appropriate discipline for District Attorney Johnson's professional misconduct.

Attorney Johnson was admitted to practice law in Wisconsin in 1982. At the time relevant to this proceeding he served as district attorney for Dodge county; he is currently Lincoln county district attorney. He has not previously been the subject of an attorney disciplinary proceeding. The referee is the Honorable Rodney Lee Young, reserve judge.

Following two days of hearing, the referee made the following findings of fact. On September 25, 1987, a recently-hired assistant district attorney attested the signing of a criminal complaint alleging the issuance of a worthless check and authorized the filing of that complaint. The procedure in the district attorney's office at the time included a printed form of worthless check criminal complaint to be filled in with the details of each particular case. Part of that form recited as part of probable cause that notice of dishonor of the check had been mailed to the defendant more than five days prior to the signing of the complaint and that the check had not been paid.

The timing of this complaint was important because the defendant was moving to Florida and was about to leave the jurisdiction. In fact, the defendant was arrested while leaving town. After signing the complaint, the complainant told the assistant district attorney that written notice had in fact been mailed to the defendant only two days earlier but that she had known for several days before then that her check had not been honored, as the complainant had told her so personally.

After learning when notice of dishonor had been mailed to the defendant, the assistant district attorney spoke with two other assistant district attorneys, one of whom told her he would not have approved filing the complaint and suggested that she talk with District Attorney Johnson. The assistant did so shortly thereaf-

15

ter and told District Attorney Johnson of the possible problem with the complaint because five days had not elapsed since notice of dishonor had been sent. District Attorney Johnson told the assistant that the complaint should be filed and that, prior to the preliminary hearing, it should be withdrawn and a new complaint filed. He said this was permissible and accepted procedure for correcting faulty complaints, provided the new complaint was filed before the defendant entered a plea.

The assistant reported this information to the other two assistants, who then went to the office of the public defender and told him of the case and that the complaint contained false information concerning the five-day notice of dishonor. The public defender then visited the defendant in jail and, although not representing her at the time, told her of the five-day notice problem and instructed her to raise the issue at her initial appearance.

At the initial appearance held that afternoon, the assistant district attorney requested cash bail because of the defendant's intention to leave the area and the court set bail at $2,500. When the defendant inquired about the notice of dishonor issue, the court stated that it was a matter for the prosecutor to consider in making the decision to prosecute.

The preliminary hearing was scheduled for October 2, 1987 and District Attorney Johnson directed one of the assistants who had reported the matter to the public defender to prepare for that hearing. The assistant refused, saying that, if not unethical or illegal, he thought it was immoral to file a complaint with false information. He did not tell District Attorney Johnson, however, that he had brought the matter to the public defender's attention.

The preliminary hearing was continued on the defendant's request and the referee found that during the

16

ensuing 30 days, public sentiment switched strongly in her favor, as it became known she was a victim of a "con artist," who had married her and duped her out of her savings, which resulted in the worthless check charge. At the preliminary hearing, the defendant was represented by the public defender, who moved to dismiss the complaint with prejudice and asked the court to conduct an inquiry into the issuance and execution of the complaint and warrant or appoint a special prosecutor to do so. When District Attorney Johnson agreed to dismiss the complaint but without prejudice, the judge recessed the matter and the parties conferred. During that conference, District Attorney Johnson asked the public defender whether his agreement to dismiss the case with prejudice would put an end to further inquiry into the conduct of his office in the matter.

When the hearing resumed, District Attorney Johnson offered no objection to the court's entering an order of dismissal with prejudice. Nevertheless, the public defender reiterated his request that a special prosecutor be appointed to investigate the matter. The referee found that, while the matter was recessed, District Attorney Johnson did not learn of any facts that weakened the merits of his case nor did he ascertain any additional information exculpatory as to the defendant.

The referee found that, up until the conference with the public defender, District Attorney Johnson had acted properly in exercising a prosecutor's discretion to seek dismissal with or without prejudice, provided the prosecutor acts in the best interests of the state and is not influenced by outside pressures. The referee found that District Attorney Johnson was under pressure from the acts of his own staff, the influence of public sentiment and the public defender's pressure for an investigation.

17

The referee further found that District Attorney Johnson's exercise of his independent professional judgment on behalf of the state was impaired by his personal interest in avoiding any inquiry into possible misconduct of his office and that his bargaining away the state's right to proceed to a new complaint against the defendant was an attempt to forestall any further inquiry into the matter. The referee concluded that District Attorney Johnson's continuing to represent the state in the matter after the public defender had sought an inquiry into the conduct of his office was misconduct in violation of former SCR 20.24,[1] which prohibits a lawyer from continuing representation if the lawyer's exercise of profes-

---

[1]SCR 20.24 provided:

**Refusing employment when the interests of the lawyer may impair his or her independent professional judgment.** (1) Except with the consent of the client after full disclosure, a lawyer may not accept employment if the exercise of his or her professional judgment on behalf of the client will be or reasonably may be affected by his or her own financial, business, property or personal interests.

(2) A lawyer may not accept employment in contemplated or pending litigation if he or she knows or it is obvious that he or she or a lawyer in his or her firm ought to be called as a witness, except that the lawyer may undertake the employment and the lawyer or a lawyer in the firm may testify:

(a) If the testimony will relate solely to an uncontested matter.

(b) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

(c) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or the firm to the client.

(d) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or the firm as counsel in the particular case.

The corresponding provision of the Rules of Professional Conduct for Attorneys is SCR 20:1.7(b).

18

sional judgment would be affected by the lawyer's personal interests.

The referee recommended dismissal of two other charges of misconduct set forth in the complaint of the Board of Attorneys Professional Responsibility (Board). The first alleged that District Attorney Johnson's authorization of the filing of the worthless check complaint, knowing that one of the elements of the charge had not been fulfilled, constituted dishonesty, fraud, deceit or misrepresentation. The second charge alleged misrepresentation in District Attorney Johnson's statement to the district professional responsibility committee concerning the conversation he had had with the assistant district attorney in the matter. The referee found that the Board failed to establish by clear and convincing evidence that such conduct violated those ethical proscriptions.

We determine that a public reprimand is appropriate discipline for District Attorney Johnson's misconduct in this matter. It was his professional duty as a lawyer to refrain from acting on behalf of his client, the state, in circumstances in which his independent professional judgment was impermissibly influenced by considerations personal to himself. A public reprimand is sufficient sanction for his having done so under these circumstances.

In addition to the public reprimand, the referee recommended that District Attorney Johnson be required to pay the costs of this proceeding. District Attorney Johnson filed a motion with the court to reduce by two-thirds the costs of the proceeding to be assessed against him. That motion was based on the referee's recommended dismissal of two of the three charges of misconduct. District Attorney Johnson further contended that the misconduct established on the other charge was, in

his words, the "least important" of the three counts charged in the Board's complaint.

We reject District Attorney Johnson's contention that the costs of this proceeding should be apportioned on the basis of the number of counts in the Board's complaint alleging misconduct established in the proceeding. The Board incurred costs of $12,156 in establishing that District Attorney Johnson engaged in professional misconduct in the matter of the worthless check complaint, albeit to a lesser extent than the Board had charged. Accordingly, it is appropriate that District Attorney Johnson be assessed in full the costs of the proceeding.

IT IS ORDERED that Attorney Kenneth N. Johnson is publicly reprimanded for professional misconduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order Kenneth N. Johnson pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Kenneth N. Johnson to practice law in Wisconsin shall be suspended until further order of the court.

ABRAHAMSON, J., took no part.